# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Arthur Gregory Lundeen, IV and Audra Marie Lundeen, | Case No.: 2:17-cv-01981-JAD-CWH |
| Plaintiffs | **Order Granting Motion to Dismiss with Leave to Amend** |
| v. | [ECF No. 12] |
| Bank of New York Mellon Corporation, as Trustee for the Certificate Holders of the CWALT, Inc., Alternative Loan Trust 2006-40TI, Mortgage Pass-Through Certificates, Series 2006-40TI, | |
| Defendant | |

Plaintiffs Arthur and Audra Lundeen sue the Bank of New York Mellon Corporation in this removed action.[1] The Bank moves to dismiss this case and argues that the Lundeens have not stated a claim upon which relief can be granted.[2] The Bank suspects that the Lundeens allege a claim for breach of contract or wrongful foreclosure, or both. In responding to the motion, the Lundeens clarify that they allege claims for breach of an oral contract and breach of the implied covenant of good faith and fair dealing.[3] I find that the Lundeens have not sufficiently pled either of these claims for relief. So, I grant the Bank's motion to dismiss, but I give the Lundeens leave to amend if they can plead true facts to cure the deficiencies identified in this order.

---

[1] ECF No. 1-2 (amended complaint).
[2] ECF No. 12.
[3] ECF No. 16.

**Discussion**

**A.  Federal pleading and dismissal standards**

The federal pleading rule requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[4]  While the rule does not require detailed factual allegations, a properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[5]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[6]  In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[7]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[8]  Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[9]  The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[10]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged

---

[4] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[5] *Twombly*, 550 U.S. at 570.

[6] *Iqbal*, 556 U.S. at 678.

[7] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[8] *Iqbal*, 556 U.S. at 678–79.

[9] *Id.*

[10] *Id.* at 679.

misconduct.[11] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[12]

**B.   Applying these standards to the amended complaint**

The Lundeens allege that they "executed the subject Note and Deed of Trust relative to real property located in Clark County, Nevada . . . or claims [sic] an interest in the property."[13] The Bank "is the servicer of the loan."[14] The Lundeens requested a loan modification under NRS 107.086 and participated in two mediations under Nevada's Foreclosure Mediation Program, but neither was successful because the Bank allegedly failed "to comply with the requirements of the mediation program."[15] The Bank later "filed a Writ of Execution on Real Property as a Judgment Creditor against the property of the Plaintiffs" and a "Notice of Sherriff's Sale of Real Property Under Execution."[16] The notice stated that the property "was to be sold at public auction on January 20, 2016[,] at 9:00 a.m."[17] Five days before the scheduled auction, the Lundeens' attorney "personally delivered" a written "Request for Mortgage Assistance" to the

---

[11] *Id.*

[12] *Twombly*, 550 U.S. at 570.

[13] ECF No. 1-2 at ¶ 2.

[14] *Id.* at ¶ 3.

[15] *Id.* at ¶ 5.

[16] *Id.* at ¶ 6.  The amended complaint is silent about how the Bank became a judgment creditor. The Bank explains that it filed a judicial-foreclosure action in Nevada state court against the Lundeens, and that the court entered judgment allowing the Bank to foreclose on the property on December 9, 2014.  The Bank provides copies of its complaint and the judgment that it obtained in that case, and it asks me to take judicial notice of those court records under FRE 201. ECF Nos. 12 at 4, 12-1 at 25–38.  I take judicial notice of the existence of those court records and their contents.

[17] ECF No. 1-2 at ¶ 6.

Bank's attorney.[18]  The two attorneys agreed that the Bank would delay the auction by 60 days so that the Bank "could review [the Lundeens] for a loan modification."[19]  But the Lundeens allege that the Bank never reviewed them for a loan modification and, without notice to the Lundeens, sold their home at auction before the 60-day delay expired.[20]  Based on these allegations, the Lundeens pray for relief in the form of an order: (1) setting aside the sale of their home; (2) requiring the Bank to deliver the deed of trust for their home to the court; (3) cancelling the deed; (4) enjoining the Bank from removing the Lundeens from their home; and (5) requiring the Bank to pay the Lundeens' attorney's fees and costs of suit.[21]

It is difficult to discern from this perfunctory and scattershot pleading what legal theory the Lundeens allege entitles them to this relief.  The Bank believes that the Lundeens allege a claim for breach of contract and maybe a claim for wrongful foreclosure.  The Lundeens clarify in their response that they allege claims for breach of contract and breach of the covenant of good faith and fair dealing.[22]  So, I consider only whether the Lundeens have shown that they are entitled to relief for breach of contract or breach of the implied covenant of good faith and fair dealing.

To state a colorable claim for breach of contract, the Lundeens must show (1) the existence of a valid contract, (2) a breach by the Bank, and (3) damages sustained as a result of

---

[18] *Id.* at ¶ 7.
[19] *Id.*
[20] *Id.* at ¶¶ 7, 8.
[21] *Id.* at 4–5.
[22] The Lundeens expressly refer to these claim forms in their response, but do not address the Bank's arguments about a possible claim for wrongful foreclosure.  *See generally* ECF No. 16.  I infer from the Lundeens' silence that they do not allege a claim for wrongful foreclosure.

4

the breach.[23]  To adequately plead the first element of a breach-of-contract claim under FRCP 8 and Nevada law, the Lundeens must allege facts sufficient to show that it is plausible that there was an offer and acceptance, meeting of the minds, and consideration.[24]  The Bank argues that that this claim is deficiently pled because the Lundeens don't allege that it was supported by consideration.  I agree.

"'Consideration is the exchange of a promise or performance, bargained by the parties.'"[25]  The failure to tender consideration prohibits the formation of a valid contract.[26]  The Lundeens allege that they asked the Bank to consider them for a loan modification and to delay the public auction of their home by 60 days, but they don't allege that they promised or performed anything in return.  The Lundeens provide a little more detail about what transpired in their response to the dismissal motion, but they do not argue that they can plead true facts to show that they gave anything in exchange for the Bank's alleged promises.  The Lundeens explain that this was a "procedural deal" between the parties' attorneys,[27] which I infer to mean that the Bank merely extended a professional courtesy to the Lundeens.

The Lundeens have not alleged facts sufficient to show that it is plausible that a legally enforceable contract exists between them and the Bank.  This pleading deficiency is fatal to both of the legal theories that the Lundeens contend they allege because the existence of a valid contract is an essential element of a claim for breach of the implied covenant of good faith and

---

[23] *Richardson v. Jones*, 1 Nev. 405 (1865).

[24] *See May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

[25] *Cain v. Price*, 415 P.3d 25, 28 (Nev. 2018) (quoting *Jones v. SunTrust Mortg., Inc.*, 274 P.3d 762, 764 (Nev. 2012)).

[26] *Serpa v. Darling*, 810 P.2d 778, 781 (Nev. 1991).

[27] ECF No. 16 at 5.

fair dealing.[28]  The claim for breach of the implied covenant of good faith and fair dealing also fails because the Lundeens have not specifically alleged that claim.

The Lundeens ask for leave to amend if the court perceives that their amended complaint is deficient.  The Lundeens' description of what transpired forecloses their ability to plead true facts to show that there was a bargained-for exchange of consideration.  But they can overcome this obstacle if they can plead true facts to invoke "[t]he doctrine of promissory estoppel, which embraces the concept of detrimental reliance" and "is intended as a substitute for consideration . . . ."[29]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the Bank's motion to dismiss **[ECF No. 12] is GRANTED.**  IT IS FURTHER ORDERED that the Lundeens have leave to amend their pleading to cure the deficiencies identified in this order.  **The Lundeens must file their amended pleading by June 12, 2018.**  If they fail to file an amended complaint by this deadline, the court will construe that failure as the Lundeens' recognition that they cannot plead a viable claim, and this case will be closed without further prior notice.

Dated: May 29, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[28] *See Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007) ("It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other.").

[29] *Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989).

6